IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JASON DALE                                                                                             PLAINTIFF

      v.                        Civil No. 2:24-CV-02053-PKH-MEF

FORMER SHERIFF JIMMY STEPHENS,
Johnson County, Arkansas;
SHERIFF TOM HUGHES,
Johnson County, Arkansas;
JAIL ADMINISTRATOR JACOB SCHOOK,
Johnson County Detention Cetner (JCDC);
SERGEANT JOHN GRIFFITH, JCDC;
CORRECTIONAL OFFICER CHAD QUEEN, JCDC;
CORRECTIONAL OFFICER JUSTICE CATO, JCDC; and
CORRECTIONAL OFFICER EMILY HANUSKA, JCDC,
Medical Care Supervisor                                                                    DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      Plaintiff, Jason Dale, an inmate at the Johnson County Detention Center ("JCDC"), filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), Senior United States District Court Judge P. K. Holmes, III, referred this case to the undersigned for the purpose of making a Report and Recommendation.

      On the same day Plaintiff filed his original complaint, the Court ordered that he either pay the full filing fee of $405 or submit a completed *in forma pauperis* ("IFP") application by May 21, 2024. (ECF No. 2). After noting potential legal and factual deficiencies with the original complaint, the Court also ordered Plaintiff to submit an amended complaint by that same deadline. *Id.* Plaintiff subsequently submitted an Amended Complaint and IFP application. (ECF Nos. 4, 5). Plaintiff's IFP application was deficient, however, because it did not include a signed

1

certificate of inmate accounts and assets form as required by law, *see* 28 U.S.C. § 1915(b). (ECF No. 5). Because Plaintiff said JCDC officials would not complete this form on his behalf, this Court ordered Johnson County Sheriff Tom Hughes to assist Plaintiff in completing the form. (ECF No. 6). That Order was mailed certified mail, return receipt requested on May 14, 2024. (ECF No. 7). On May 24, 2024, Plaintiff submitted a complete IFP application, including the required form. (ECF No. 8). Plaintiff's IFP application has been granted. (ECF No. 9).

This matter is now before the Court for preservice review of the Amended Complaint pursuant to 28 U.S.C. § 1915A(a) of the Prison Litigation Reform Act ("PLRA"). Upon that review and for the reasons outlined below, the undersigned recommends that Plaintiff's claim against Defendants Jimmy Stephens, Chad Queen, John Griffith, Jacob Shook, and Justice Cato in their individual capacities for allegedly using excessive force against him on August 31, 2023, **PROCEED**, and that all other claims be **DISMISSED WITHOUT PREJUDICE**.

## I.     BACKGROUND

Plaintiff's Amended Complaint asserts three claims for relief. (ECF No. 4). First, Plaintiff says that on April 18, 2024, Defendants Tom Hughes and Emily Hanuska denied him medical care and medicine for his chronic pain in his neck and a leg injury. *Id.*, p. 5. Plaintiff says that he was transported to the emergency room on April 28, 2024, and has "since [] received [his] medication." *Id.*

Second, Plaintiff says that on August 31, 2023, Defendants Jimmy Stephens, Chad Queen, John Griffith, Jacob Schook, and Justin Cato used excessive force against him by "dragging" him into the pod in handcuffs and leaving him there with an inmate who had previously attacked him. *Id.*, p. 7.

2

Third, Plaintiff contends that on May 7, 2024, Defendant Hanuska failed to follow the JCDC medical policy. *Id.*, p. 8. Plaintiff says that since he has been sentenced to the Arkansas Division of Correction ("ADC"), ADC policy provides that he should have access to "all medical." *Id.*

Plaintiff identifies all defendants in their personal and official capacities. He requests compensatory and punitive damages. *Id.*, p. 10.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A(a) of the PLRA, prior to service being issued, the Court must dismiss a complaint, or any portion of it, if it contains claims that (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient

3

facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### III. LEGAL ANALYSIS

In a Section 1983 action such as this one, the essential elements of the claim are: "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009).

#### A. Claim One: Medical Indifference

With respect to claim one, Plaintiff asserts that on April 18, 2024, Defendants Tom Hughes and Emily Hanuska denied him medical care.  (ECF No. 4, p. 5).

Plaintiff says that he was convicted of a crime in December 2023, thus, at the time of the events giving rise to this claim, he was a convicted prisoner. *Id.*, p. 2.  In any event, federal courts apply the same Eighth Amendment "deliberate indifference" standard in determining whether a convicted prisoner or pretrial detainee's constitutional right to adequate medical care have been violated. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006).  Under this standard, the plaintiff must show: "(1) objectively, that the conditions of [plaintiff's] confinement posed a substantial risk of serious harm and (2) subjectively, that the defendants actually knew of but disregarded, or were deliberately indifferent to, [plaintiff's] health or safety." *Id.* (internal quotation omitted).  An "objectively serious medical need or a deprivation of that need . . . must be either obvious to the layperson or supported by medical evidence, like a physician's diagnosis." *Id.* (quoting *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995)).

Here, Plaintiff fails to assert sufficient facts to satisfy either prong.  First, although

4

Plaintiff claims that he suffers from "chronic neck pain" and a "leg injury," he fails to assert any facts to suggest that he had been previously diagnosed with chronic neck pain or was under the care of a doctor for that neck pain. Similarly, there are no facts describing the nature of the leg injury. Put differently, it is entirely unclear whether the injury was the type that would be obvious to a layperson as requiring medical attention.

Further, Plaintiff has failed to establish sufficient facts to satisfy the subjective prong of the "deliberate indifference" analysis. This prong has two components: "[t]he evidence must show that the officers recognized that a substantial risk of harm existed *and* knew that their conduct was inappropriate in light of that risk." *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021) (quoting *Letterman v. Does*, 789 F.3d 856, 862 (8th Cir. 2015)). The required mental state is "akin to criminal recklessness." *Id.*

In this case, Plaintiff claims that the defendants "denied him medical" and that he was "denied medicine." (ECF No. 4, p. 5). These allegations, however, are entirely conclusory. As such, they are not entitled to the presumption of truth and the Court disregards them in determining whether Plaintiff established a plausible "deliberate indifference" medical claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (in considering a motion to dismiss under Rule 12(b)(6) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Setting these allegations aside, there are no facts to suggest that Defendants Hughes or Hanuska were aware of Plaintiff's medical conditions, let alone knew (or where deliberately indifferent to) the risk of harm of those conditions on Plaintiff. Accordingly, Plaintiff has failed to establish a plausible "medical indifference" claim against Defendants Hughes and Hanuska.

To the extent that Plaintiff claims that his access to appropriate medical care was unconstitutionally *delayed* because he was ultimately transported to the emergency room on April 28, 2024, and has "since [] received [his] medications," Plaintiff again asserts no facts to suggest that either Defendant intentionally delayed his transport to the emergency room, or that they were deliberately indifferent to Plaintiff's medical conditions prior to the emergency room visit. *See, e.g.*, *Fourte v. Faulkner Cnty., Arkansas*, 746 F.3d 384 (8th Cir. 2014). Plaintiff's claim one should, therefore, be dismissed.

**B. Claim 2: Excessive Force and Failure to Protect**

In his second claim, Plaintiff says that on August 31, 2023, Defendants Jimmy Stephens, Chad Queen, John Griffith, Jacob Shook, and Justice Cato used excessive force in dragging him in handcuffs into a pod with an inmate who had previously attacked him. (ECF No. 4, p. 7).

According to Plaintiff, he was not convicted of a crime until December 2023. *Id.*, p. 2. Thus, at the time of the events giving rise to his claim, Plaintiff was a pretrial detainee. As such, this Court considers his excessive force claim under an objective reasonableness standard. *See Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). Under this standard, "[w]hether the application of force is unreasonable turns on the facts and circumstances of each particular case." *Id.* (internal quotation omitted). Court must "assess the actions of each officer from the perspective of a reasonable officer at the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*

In this case, for the limited purpose of preservice screening pursuant to 28 U.S.C. § 1983, this Court finds that Plaintiff has pleaded a plausible excessive force claim. The undersigned, therefore, recommends that Plaintiff's excessive force claim against Defendants Stephens, Queen,

6

Griffith, Schook, and Cato in their individual capacities proceed.

Recognizing that pro se pleadings are to be liberally construed, the Court also considers whether Plaintiff has pleaded a plausible failure to protect claim against these defendants. The Eighth Circuit applies the same Eighth Amendment "deliberate indifference" standard to pretrial detainees and convicted prisoners. *See Holden v. Hirner*, 663 F.3d 336, 341 n.3 (8th Cir. 2011). Under this standard, a plaintiff must first show that he was "incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 341 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Second, the plaintiff "must establish that prison officials were deliberately indifferent to inmate health or safety." *Id*. "This is a subjective requirement, mandating the prisoner prove the official both knew of and disregarded 'an excessive risk to inmate health or safety.'" *Id*. Here, although Plaintiff asserts that the defendants placed him (handcuffed) in the same cell as an inmate who had previously attacked him, he asserts no facts suggesting that any of the defendants *knew* that this inmate had previously assaulted him. Further, Plaintiff fails to assert that he suffered any injury after being placed in the same pod as this inmate. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation."). Thus, to the extent that Plaintiff is also asserting a "failure-to-protect" claim against these defendants, such a claim should be dismissed.

### C. Claim 3: Failure to Follow Policies

This brings the Court to Plaintiff's third claim alleging that on May 7, 2024, Defendant Hanusak failed to follow policy. (ECF No. 4, p. 8). As a threshold matter, it is unclear to the Court whether Plaintiff is alleging that Defendant Hanusak failed to follow ADC policy, JCDC

policy, or both, or how she failed to follow the relevant policies. In any event, failure to follow policy is not, in and of itself, grounds for relief under § 1983. *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996); *Griffin-El v. Delo*, 34 F.3d 602, 604 n.3 (8th Cir. 1994) (inmate does not have a liberty interest in a particular procedure); *see also Olin v. Wakinekona*, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."). Thus, Plaintiff's claim against Defendant Hanusak for allegedly failing to follow policy—any policy—fails as a matter of law.

### D. Official Capacity Claims

Plaintiff identifies the Defendants in their individual and official capacities. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity," or, in this case, Johnson County. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish official capacity liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity [or employer]." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). "Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability." *Moyle*, 571 F.3d at 818.

First, with respect to claims one (medical indifference) and three (failure to follow policy),

Plaintiff has failed to establish a plausible *constitutional* violation. Thus, Plaintiff's official capacity claims should also be dismissed. Second, with respect to claim two (excessive force), Plaintiff has failed to establish any facts to suggest that Defendants Stephens, Schook, Griffith, Cato, and Queen were acting pursuant to an unconstitutional policy or custom when they allegedly used excessive force against on August 31, 2023. *See* (ECF No. 4, pp. 7-8). Thus, Plaintiff's official capacity claims against these defendants should likewise be dismissed.

## IV.   CONCLUSION

In sum, having reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A, the undersigned recommends:

(1) Plaintiff's individual capacity claims against Defendants Jimmy Stephens, Jacob Schook, John Griffith, Justice Cato, and Chad Queen for their purported use of excessive force against him on August 31, 2023 (claim 2) should **PROCEED**.

(2) All other claims—claims one and three—should be **DISMISSED WITHOUT PREJUDICE**.

(3) All official capacity claims, including the official capacity claims against Defendants Stephens, Schook, Griffith, Cato, and Queen should be **DISMISSED WITHOUT PREJUDICE**. And,

(4) Defendants Sheriff Thom Hughes and Emily Hanuska should be **TERMINATED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

   **STATUS OF REFERRAL: Referred consistent with these recommendations.**

DATED this 3rd day of June 2024.

                 /s/ *Mark E. Ford*
                 HON. MARK E. FORD
                 UNITED STATES MAGISTRATE JUDGE